**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ray Anthony CERVANTES,
Defendant—Appellant.**

No. 05–50485.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2006.

Filed Aug. 16, 2006.

Becky S. Walker, Esq., April Anita Christine, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

---

\* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,\* District Judge.

MEMORANDUM \*\*

Ray Cervantes appeals his guilty plea conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), his sentence pursuant to that conviction, and his conviction for possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

1. Cervantes' claim that 18 U.S.C. § 922(g) is unconstitutional is precluded by Supreme Court precedent. *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977); *see also United States v. Cortes,* 299 F.3d 1030, 1037 n. 2 (9th Cir.2002) ("Until the Supreme Court tells us otherwise ..., we follow *Scarborough* unwaveringly.").

2. The district court did not err in its pronouncement of the sentence. The district court considered each of the 18 U.S.C. § 3553(a) factors and explained its reasons for the sentence imposed as required by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court also properly resolved the factual disputes at sentencing applying a preponderance of the evidence standard. *United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006) (citing *United States v. Ameline,* 409 F.3d 1073, 1086 (9th Cir. 2005) (en banc)).

3. Given the government's concession at oral argument that the imposition of

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

drug testing as part of the order of supervised release in the sentence was related to treatment, and that any testing during the period of supervised release unrelated to treatment was not part of the sentence imposed, we find no error in the imposition of the sentencing condition pursuant to *United States v. Stephens,* 424 F.3d 876 (9th Cir.2005).

**AFFIRMED.**